Filed 7/7/25  P. v. Verboom CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NICHOLAS ROBERT ANTHONY VERBOOM,<br><br>    Defendant and Appellant. | E084070<br><br>(Super.Ct.No. BAF2200215)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Jason Armand, Judge.

Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Nicholas Robert Anthony Verboom pled guilty to driving with a suspended driver's license due to having a prior driving under the influence conviction (Veh. Code, § 14601.2, subd. (b), count 4).  A jury thereafter found defendant

1

guilty of driving while under the influence of alcohol (Veh. Code, § 23152, subd. (a), count 1), driving a vehicle with a blood-alcohol content (BAC) of 0.08 percent or more (Veh. Code, § 23152, subd. (b), count 2), and battery on a peace officer (Pen. Code, § 243, subd. (b), count 3). The jury also found true an allegation attached to count 2 that defendant had a BAC of 0.15 percent or higher. (Veh. Code, § 23578.)

The court subsequently found true an allegation attached to the count 1 offense, that defendant had previously been convicted of driving under the influence. The court sentenced defendant to an aggregate term of two years in prison.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the facts, a statement of the case, and identifying three potentially arguable issues: (1) whether the court abused its discretion in denying defendant's motion to suppress; (2) whether the court erred in failing to advise defendant he had a right not to testify; and (3) whether due to defendant's failure to object at trial, defendant forfeited any claim that the trial court failed to advise him he had a right not to testify.

We offered defendant the opportunity to file a personal supplemental brief, which he has not done. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 28, 2022, the People filed an information charging defendant with driving while under the influence of alcohol, driving a vehicle with a BAC of 0.08 percent or more, battery on a peace officer, and driving with a suspended driver's license

due to having a prior driving under the influence conviction. The People additionally alleged as to the count 1 offense that defendant had a prior conviction for driving under the influence and as to the count 2 offense that defendant had a BAC of 0.15 percent or higher.

On May 9, 2023, defendant filed a motion to suppress all evidence of statements made by defendant upon and after his detention, all observations of law enforcement, all chemical test results of defendant's blood and breath, all physical and photographic evidence, all documents, and all audio and video recordings.

At the hearing on May 22, 2023, the People noted, "The initial stop was warrantless; however, the blood draw[]—there was a search warrant for the blood draw[]." After hearing the testimony of the arresting officer and the parties' arguments, the court denied the motion.

Prior to trial, the court granted defendant's request that it bifurcate the issues related to "defendant's prior convictions and offenses." Defendant then pled guilty to driving with a suspended driver's license due to having a prior driving under the influence conviction.

At trial, the arresting officer testified that on February 12, 2022, at around 9:30 p.m., he received a dispatch regarding a white Audi that was blocking traffic lanes. He arrived at the location approximately 20 minutes after he was dispatched. The officer found a running, white Audi parked perpendicular to the roadway. A man was sitting in

3

the driver's seat.  The officer noticed the vehicle's brake lights activate a couple of times and the car roll forward a couple of inches.

The officer exited his vehicle and contacted the driver, who was defendant.  "[T]he moment I arrived at the window, I immediately smelled a strong odor of alcoholic beverage coming from within the vehicle towards me.  I noticed he was on the phone with somebody and his speech appeared to be slurred."

Defendant exited the vehicle, "but he started stumbling . . . .  I braced him with [my] right hand and guided him back to the left rear of his vehicle."  The officer could smell a strong odor of alcohol coming from defendant.  Defendant's face was flushed, his eyelids were droopy, and his eyes were red and watery.  Defendant declined to participate in field sobriety tests.

The officer arrested defendant for driving under the influence.  The People and defense played a video recording obtained from the officer's vehicle's dashcam.

The officer transported defendant to the police station.  Defendant elected to give a blood test.  While in the station interview room, defendant began resisting commands and kicked another officer twice in his leg.  Defendant then urinated on himself.  The People played a video recording from the interview room.  Thereafter, a phlebotomist took a blood sample from defendant.

The forensic toxicologist who analyzed defendant's blood draw testified that his blood alcohol content was 0.193 percent:  "this is a little more than twice the amount of a

.08 percent. So at this blood alcohol level my opinion would be that that person would be considered impaired as it pertains to the task of driving."

Defendant testified that on February 12, 2022, his car started running out of gas: "I encountered a semi that hit [the] rear end of the vehicle . . . . He pulled alongside to go along me and . . . he physically pushed me off the road and I hit a cement curb." Defendant had not been drinking prior to the incident.

Defendant drove his vehicle off the freeway and underneath an overpass where it eventually stopped. "The right tire . . . was severely damaged to the rim and then it just settled off the curb." He could not repair it.

Defendant took a bottle of Bacardi out of his trunk and "consumed a lot" to calm his nerves. He admitted he had suffered several prior felony convictions.

Defendant kicked one of the officers twice because, "I was a drunk idiot." He was frustrated because they would not let him use the restroom.

## II. DISCUSSION

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

5

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:

MILLER

J.


FIELDS

J.